FILED
NOV 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ernest L. Dixon,                          )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )    Civil Action No. 08 2014
                                          )
Television Station Channel Three          )
Norfolk, Virginia,                        )
                                          )
        Defendant.                        )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, who claims to reside in the District of Columbia,[1] sues a television station in Norfolk, Virginia, "for all of my profits." The complaint does not allege a violation of either the Constitution or federal law, nor does it provide a basis for diversity jurisdiction inasmuch as

---

[1] Plaintiff lists his address as 1600 Pennsylvania Avenue, Washington, D.C. 23607. The Court judicially notices this address as that of The White House, except that the zip code is for Newport News, Virginia. *See* www.usps.com/zip4.



3

plaintiff has not demanded any amount of monetary damages. Besides, the claim is "so attenuated and unsubstantial as to be absolutely devoid of merit." *Decatur Liquors, Inc. v. District of Columbia*, 478 F.3d 360, 363 (D.C. Cir. 2007) (citation and internal quotation marks omitted). Accordingly, the complaint will be dismissed by separate Order issued contemporaneously.

Date: October 30, 2008

_____
United States District Judge